**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 11 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50270 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03651-LAB-1 |
| v. | |
| ROSEMARY RUIZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 7, 2015[**]
Pasadena, California

Before: SILVERMAN, SACK[***], and WARDLAW, Circuit Judges.

Rosemary Ruiz appeals the district court's denial of her motion to suppress,

after which she pleaded guilty to and was convicted of violating 21 U.S.C. §§ 952,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

960 for her importation of methamphetamine. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's denial of Ms. Ruiz's motion to suppress de novo and its factual determinations for clear error, *United States v. Fowlkes*, 770 F.3d 748, 756 (9th Cir. 2014), we affirm.

To conduct a pat-down search at the border, "minimal suspicion" is required. *United States v. Vance*, 62 F.3d 1152, 1156 (9th Cir. 1995). Such suspicion was present here. The Customs and Border Protection Officer (CBPO) who saw Ms. Ruiz when she was diverted to secondary inspection ran a background check on her at the request of the officer who diverted her. He found that Ms. Ruiz had a record of arrests for drug possession and other crimes, as well as a conviction for bringing a controlled substance into a prison. The secondary officer's knowledge that another officer had enough concern to request the running of a criminal history check, combined with the nature of Ms. Ruiz's prior arrests and convictions, and the fact that Ms. Ruiz was crossing from Mexico, a major source of narcotics, constituted "minimal suspicion" sufficient to warrant a pat-down search.

Further, that search, when conducted, was not so intrusive as to put it in the category of strip searches or body cavity searches for which reasonable suspicion is required. *See United States v. Ramos-Saenz*, 36 F.3d 59, 61 (9th Cir. 1994). The search may have been more thorough than those Ms. Ruiz was used to, but it was

no more thorough than necessary for a CBPO to be able to detect contraband being smuggled on a private part of a person's body. Further, because the pat-down search was properly conducted, and revealed a hard object in the area of Ms. Ruiz's groin that was inconsistent, in the CBPO's experience, with the feeling of either flesh or a sanitary pad, the subsequent events – from the partial strip search, when the CBPO saw a package protruding from Ms. Ruiz's vagina, to the ultimate warrant for x-rays and a body cavity search – were based on the requisite reasonable suspicion, *Ramos-Saenz*, 36 F.3d at 61, and were not, as Ruiz argues, fruit of the poisonous tree. Therefore, the district court correctly denied Ms. Ruiz's motion to suppress.

**AFFIRMED**.